UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RENE RAMIREZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>180 CONCRETE DESIGN, INC., DEFENDANT | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:19-cv-555 |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Rene Ramirez, on behalf of himself and all others similarly situated, files this Collective Action Complaint against Defendant 180 Concrete Design, Inc. ("Defendant").

## I.   PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendant installs decorative concrete for both commercial and residential customers in and around San Antonio, Texas. Plaintiff Rene Ramirez was employed by Defendant as a lead installer.

1.2   Rene Ramirez was paid on an hourly basis.

1.3   Rene Ramirez and the putative class were misclassified as independent contractors.

1.4   Rene Ramirez, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.5     For at least three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay overtime premiums to non-exempt employees for hours worked in excess of forty hours per week.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant 180 Concrete Design, Inc. because it conducts business in Texas and has entered into relationships with Plaintiff in Texas and has committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Rene Ramirez is an individual residing in San Antonio, Texas.   His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.     Defendant**

3.2     Defendant 180 Concrete Design, Inc. is a corporation with its primary place of business in San Antonio, Texas.

3.3     180 Concrete Design, Inc. was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.4    180 Concrete Design, Inc. can be served with process by serving its registered agent, Austin Harkins, at 915 Slumber Pass, San Antonio, Texas 78260 or at 107 Talavara, Suite 232, San Antonio, Texas 78232.

## IV.    FLSA COVERAGE

4.1    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3    At all relevant times, Defendant employed "employees", including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4    At all relevant times, Defendant employed two or more persons in interstate commerce.

4.5    At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.6    At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.7     At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendant.

4.8     At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

4.9     As concrete installers, Plaintiff and those similarly situated handled items including trowels, grinders, sprayers, scrubbers, vacuums and pressure washers that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

V.     FACTUAL ALLEGATIONS

5.1     Defendant provides commercial and residential concrete installation in and around San Antonio, Texas.

5.2     Defendant employed Rene Ramirez during the three-year period preceding the filing of this Complaint.

5.3     Defendant paid Rene Ramirez and those similarly situated on an hourly basis. Rene Ramirez and all those similarly situated consistently worked over forty hours per week. Rene Ramirez and all those similarly situated were non-exempt employees. However, Defendant failed to pay Rene Ramirez and all those similarly situated overtime premiums for any hours worked over forty per week.

5.4     180 Concrete Design, Inc. maintained control, oversight, and direction over its operations, including employment practices.

5.5     180 Concrete Design, Inc. maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with 180 Concrete Design, Inc.

5.6     Plaintiff and those similarly situated were required to comply with the policies and procedures of 180 Concrete Design, Inc. in performing their work during their employment with 180 Concrete Design.

5.7     180 Concrete Design, Inc. independently exercised control over the work performed by Plaintiff and those similarly situated.

5.8     180 Concrete Design, Inc. determined the wages to be paid to Plaintiff and those similarly situated.

5.9     180 Concrete Design, Inc. determined the work to be performed by Plaintiff and those similarly situated and monitored and directed such work on a regular basis.

5.10    180 Concrete Design, Inc. determined the locations where Plaintiff and those similarly situated would work.

5.11    180 Concrete Design, Inc. determined the hours of Plaintiff and those similarly situated.

5.12    180 Concrete Design, Inc. determined the conditions of employment for Plaintiff and those similarly situated.

5.13    180 Concrete Design, Inc. maintained employment records on Plaintiff and those similarly situated.

5.14    180 Concrete Design, Inc. possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.15    At all times relevant hereto, 180 Concrete Design, Inc. knew of, approved of, and benefited from the regular and overtime work of Plaintiff and those similarly situated.

5.16    180 Concrete Design, Inc. did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.17   180 Concrete Design, Inc.'s actions were willful and in blatant disregard for the federally protected rights of Plaintiff and those similarly situated.

## VI.   COLLECTIVE ACTION ALLEGATIONS

6.1   Other employees have been victimized by the pattern, practice, and policies of 180 Concrete Design, Inc. that are in violation of the FLSA.  Plaintiff is aware that the illegal practices and policies of 180 Concrete Design, Inc. have been imposed on other workers.

6.2   Plaintiff brings his claim for relief on behalf of all persons who worked for 180 Concrete Design, Inc. as hourly concrete installers at any time three years prior to the filing of this lawsuit to the entry of judgment in this lawsuit (Collective Class).

6.3   180 Concrete Design, Inc. paid Plaintiff and the Collective Class on an hourly basis and suffered and permitted them to work more than forty hours per week.   180 Concrete Design, Inc. did not pay either Plaintiff or the Collective Class overtime premiums for any hours worked beyond forty per week.

6.4    Though their job titles may vary, the members of the Collective Class were all hourly concrete installers.

6.5    Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6   180 Concrete Design, Inc.'s operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7   180 Concrete Design, Inc.'s pattern of failing to pay overtime compensation as required by the FLSA results from 180 Concrete Design, Inc.'s general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8   Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of 180 Concrete Design, Inc.

6.10    Plaintiff requests that 180 Concrete Design, Inc. identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII.   CAUSE OF ACTION:  VIOLATION OF THE FLSA

**Failure to Pay Overtime Wages**

7.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2     Plaintiff and all others similarly situated are non-exempt employees.

7.3     As non-exempt employees under the FLSA, if Plaintiff and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime premiums.

7.4     Over the course of the relevant period, Plaintiff and all others similarly situated routinely worked in excess of forty hours per week.

7.5     Even though Plaintiff and all others similarly situated worked in excess of forty hours per week, 180 Concrete Design, Inc. failed to pay them an overtime premium for any hours worked in excess of forty per week.

7.6     180 Concrete Design, Inc. has violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and all others similarly situated overtime premiums for those hours worked over forty per workweek.

7.7     No excuse, legal justification or exemption excuses 180 Concrete Design, Inc.'s failure to pay Plaintiff and all others similarly situated overtime compensation for hours worked over forty in a workweek.

7.8     180 Concrete Design, Inc. has failed to make a good faith effort to comply with the FLSA. Instead, 180 Concrete Design, Inc. knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

7.9     Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rene Ramirez and all others similarly situated respectfully pray that Defendant 180 Concrete Design, Inc. be cited to appear, and that, upon trial of this matter, Plaintiff and the Collective Class recover the following against 180 Concrete Design, Inc.:

a. Actual damages for the full amount of their unpaid overtime compensation;

b. Liquidated damages in an amount equal to their unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**